Jeffrey L. Cutler  (CA Bar No. 100639)
email: jcutler@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106577)
email: erosenfeld@wkclegal.com
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone:  (818) 501-8030 ext. 313
Facsimile:  (818) 501-5306

Attorneys for Plaintiff
Board of Trustees of the Southern California
Floor Covering Pension Trust Fund

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Western Division**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING PENSION TRUST FUND,<br><br>Plaintiff,<br><br>vs.<br><br>NEW IMAGE COMMERCIAL FLOORING INCORPORATED, a suspended California corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.**<br><br><br><br>**COMPLAINT FOR COLLECTION OF WITHDRAWAL LIABILITY**<br>[29 U.S.C. §1001, et seq.; §1381, et seq.] |

## NATURE OF THE ACTION

1. The Board of Trustees of the Southern California Floor Covering Pension Trust Fund ("Pension Fund") brings this legal action for equitable relief pursuant to section 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, et seq., ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1381, et seq.

## JURISDICTION

2. Jurisdiction of this Court is proper under ERISA §§502(a)(3), 502(e)(1), 4301(a)(1) and 4301(c), 29 U.S.C. §1132(a)(3), 1132(e)(1), 1451(a)(1) and 1451(c). Plaintiffs seek to enforce the provisions of ERISA and the terms of the Trust, redress Defendant's violations of ERISA, and seek all other appropriate legal or equitable relief under ERISA.

## VENUE

3. This action is properly brought in this judicial district pursuant to ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e) and 1451(d), as the district where the Pension Fund is administered, and where the breach took place. The Pension Fund, on whose behalf Plaintiff brings this action, is administered at its principal place of business in El Monte, California.

## THE PARTIES

4. Plaintiff, the Board of Trustees of the Southern California Floor Covering Trust Fund (herein "Plaintiff") is the duly selected governing body of a jointly administered Labor-Management Trust Fund created and maintained pursuant to section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §186(c)(5). Plaintiff is the "plan sponsor" within the meaning of ERISA §§ 3(16)(B)(iii) and 4001(a)(10)(A), 29 U.S.C. §§1002(16)(B)(iii) and 1301(a)(10)(A). Plaintiff is a fiduciary of the Pension Fund under ERISA §§ 3(21)(A) and 402(a), 29 U.S.C. §1002(a). Plaintiff is empowered to bring this

- 2 -
COMPLAINT FOR COLLECTION OF WITHDRAWAL LIABILITY

action on behalf of the Pension Fund pursuant to ERISA §§ 4301(a)(1) – (b) and 502(a)(3), 29 U.S.C §§1132(a)(3) and 1451(a)(1) – (b).

5. The Pension Fund is, and at all times mentioned has been, "an employee benefit plan" as defined in ERISA § 3(3), 29 U.S.C. § 1002(3), an "employee benefit pension plan" as defined in ERISA § 3(2), 29 U.S.C. § 1002(2). The Pension Fund at all times mentioned was, and is now, a collectively bargained multi-employer pension plan as defined in ERISA §§3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3), and established pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186.

6. Plaintiff is informed and believes, and thereon alleges, that at times relevant herein, Defendant NEW IMAGE COMMERCIAL FLOORING INCORPORATED ("Defendant" or "New Image") was a California corporation conducting business within this judicial district, and was suspended by the California Secretary of State in or about 2017 for failure to file the required Statement of Information. At all times relevant herein, New Image was and is an employer in the construction industry in Southern California, and as such, is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown at this time to Plaintiff. Plaintiff therefore sues the defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously names defendants is responsible in some manner for the occurrences herein alleged, either through its own conduct, or through the conduct of its agents, servants and/or employees, or in some other manner as yet unknown, and that Plaintiff's damages as herein alleged were proximately caused by those defendants.

8. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are alter egos; interrelated; overlapping; under common management, control, ownership, and operation; successors; or a single employer as contemplated in the applicable labor agreements and therefore, Defendants, and each of them, were bound to the applicable labor agreements and are liable for the assessed withdrawal liability, which are delinquent contributions under ERISA §§515 and 4301(b), 29 U.S.C. §§ 1145 and 1451(b).

## CLAIM FOR RELIEF

### Violation of ERISA § 4219, 29 U.S.C. § 1381

9. Plaintiff refers to paragraphs 1 through 8, inclusive, and by such reference incorporates them herein as though fully set forth.

10. At all times relevant herein, New Image was signatory to the Master Labor Agreement as Amended Between Floor Covering Association of Southern California and Painters and Allied Trades District Council No. 36 of the International Union of Painters and Allied Trades, on Behalf of Resilient Floor and Decorative Covering Local Union No. 1247 (herein "MLA").

11. As signatory to the MLA, New Image became a contributing employer to the Pension Fund for floor covering employees, and agreed to be bound by the terms and conditions of the Agreement and Declaration of Trust of the Southern California Floor Covering Trust Fund ("Trust Agreement").

12. In or about 2017, Plaintiff determined for the first time that New Image ceased to contribute to the Plan for the work of employees covered by the Plan. The cessation of contributions constitutes a complete withdrawal from the Plan as defined by ERISA §4203(b)(2), 29 U.S.C. § 1383(b)(2).

13. Section 4201 of ERISA, 29 U.S.C. § 1381, requires an employer that withdraws from a multi-employer pension plan, such as the Pension Fund, to pay withdrawal liability as determined by the sponsor of the plan pursuant to the applicable statutory, administrative and contractual provisions.

14. ERISA §4202, 29 U.S.C. §1382, requires the Plan sponsor to determine the amount of the withdrawn employer's withdrawal liability computed in accordance with ERISA §4211, 29 U.S.C. §1391. ERISA §4219, 29 U.S.C. § 1399 requires the Plan sponsor to notify the employer of the amount of withdrawal liability and the schedule of payments and demand payment in accordance with that schedule.

15. The Pension Fund computed New Image's withdrawal liability in accordance with ERISA §4211, 29 U.S.C. §1391, to be $114,137.00. Plaintiff computed a payment schedule of minimum annual installments of $78,831.00, payable in quarterly installments of $19,707.75 each.

16. Pursuant to ERISA §4219, 29 U.S.C. § 1399, the Pension Fund notified New Image of the amount of withdrawal liability on March 28, 2018, and of the right to make installment payments. The calculations and the assumptions used to calculate the total withdrawal liability were included to the notice. Pursuant to the notice of withdrawal liability from the Plaintiff, the first payment under the schedule was due on May 1, 2018.

17. New Image did not request a review of the determination of withdrawal liability or arbitration as provided in ERISA §§4219(b)(2)(A)(i) and 4221, 29 U.S.C. §§1399(b)(2)(A)(i), and 1401. New Image has therefore waived any defenses or objections concerning the fact and the amount of withdrawal liability assessed.

18. New Image failed to make the initial installment payment on May 1, 2018.

19. Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), provides that in the event of a default in payments, a plan sponsor may require immediate payment of the entire amount of outstanding withdrawal liability, plus accrued interest on that total amount of outstanding liability from the due date of the first payment which was not timely made. In a letter dated August 15, 2018, Plaintiff

notified New Image that if the first installment was not paid within sixty (60) days, the entirety of the liability would become due, including accrued interest and other damages.

20. New Image failed and refused to pay withdrawal liability as demanded and is therefore indebted to the Pension Fund in the amount of $114,137.00, representing the total withdrawal liability owed, exclusive of interest, liquidated damages, attorneys' fees, and other incidental costs in accordance with ERISA §§502(g)(2) and 4301(b) and (e), 29 U.S.C. § 1132(g)(2) and 1451(b) and (e). Plaintiff is entitled to, and hereby seeks a money judgment against New Image for the entire unpaid balance of the withdrawal liability plus interest, liquidated damages, costs, and attorney's fees.

**PRAYER**

WHEREFORE, the Board of Trustees of the Southern California Floor Covering Pension Trust Fund prays for judgment against Defendants New Image Commercial Flooring Incorporated, a suspended California corporation, and DOES 1 through 10, inclusive, as follows:

1. For a judgment providing that all Defendants are liable for the following sums:

   a. $114,137.00 representing the full amount of withdrawal liability owed;

   b. Interest pursuant to ERISA §§4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. §1399(c)(5) and (6) and 1132(g)(2);

   c. Liquidated damages provided for under the Pension Trust in accordance with sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C) and 1451(b);

   d. Reasonable attorneys' fees and costs of suit incurred herein in accordance with ERISA sections 502(g)(2)(D) and 4301(e), 29 U.S.C. §§ 1132(g)(2)(D) and 1451(e); and

2. For such other and further legal and equitable relief as this Court deems just and proper.

                                                Jeffrey L. Cutler
Elizabeth Rosenfeld
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**

DATED: November 2, 2018    BY: */s/ Elizabeth Rosenfeld*
                                                  ELIZABETH ROSENFELD

Attorneys for BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING PENSION TRUST FUND